| | |
|---|---|
| DANIEL CHADWICK, ) | |
| ) | Case Nos. 1:23-cv-292; 1:18-cr-97 |
| *Petitioner*, ) | |
| v. ) | Judge Travis R. McDonough |
| ) | |
| UNITED STATES OF AMERICA, ) | Magistrate Judge Susan K. Lee |
| ) | |
| *Respondent*. ) | |
| ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's motion to vacate his sentence under 28 U.S.C. § 2255 (Doc. 1). Petitioner seeks relief from the Court's judgment in this case because he argues the indictment and plea agreement contained false information.[1] (*Id.* at 1.) For the following reasons, Petitioner's motion (Doc. 1) will be **DENIED**.

I. **BACKGROUND**

On November 6, 2019, this Court entered judgment, sentencing Petitioner to 140 months imprisonment followed by a five-year term of supervised release after Petitioner pled guilty to one count of conspiring to distribute and possess with the intent to distribute methamphetamine

---

[1] Petitioner also asks that the Court "recalculate criminal history points" and afford credit for the time he spent in county jail. (Doc 1, at 6.) The proper vehicle to seek such relief is a motion to reduce sentence, not a motion to vacate. *See Miller v. United States*, No. 1:07-cr-128, 2011 WL 6003180, at *8 (N.D. Ga. Sept. 30, 2011), report and recommendation adopted, No. 1:07-cr-128, 2011 WL 6002601 (N.D. Ga. Nov. 29, 2011) ("The proper method to seek [a sentence reduction] is via a motion to reduce sentence . . . , not a motion under § 2255."). Petitioner has already filed a motion to reduce his sentence, and it remains pending before the Court. (Doc. 277.)

in violation of 21 U.S.C. §§ 846 and 841(a)(1). (*See* Doc. 238 in Case No. 1:18-cr-97.) Petitioner timely filed a notice of appeal on November 18, 2019. (Doc. 254 in Case No. 1:18-cr-97.) On June 11, 2020, the United States Court of Appeals for the Sixth Circuit affirmed the sentence, holding that "the record reflects a valid guilty plea and a procedurally and substantively reasonable sentence." (Doc. 262 at 6 in Case No. 1:18-cr-97.) The mandate issued on July 8, 2020. (Doc. 263 in Case No. 1:18-cr-97.) On November 27, 2023, Petitioner filed the instant § 2255 motion. (Doc 1.)

II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Section 2255(f) imposes a one-year limitations period on all petitions for collateral relief under § 2255 running from the latest of: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the

date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In ruling on a § 2255 petition, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Martin*, 889 F.3d at 832 (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)) (internal quotation marks omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When a petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

### III. ANALYSIS

#### A. Timeliness of the Motion

As a threshold matter, Petitioner's motion is not timely and can be denied on that basis. Petitioner appealed the district court's judgment, and the Sixth Circuit affirmed Petitioner's conviction and sentence on June 11, 2020. (Doc. 262 at 6 in Case No. 1:18-cr-97.) The mandate issued on July 8, 2020. (Doc. 263 in Case No. 1:18-cr-97.) Petitioner did not file a petition for a

3

Case 1:23-cv-00292-TRM-SKL   Document 4   Filed 01/23/24   Page 3 of 6   PageID #: 14

writ of certiorari to the United States Supreme Court. (*See* Doc. 1.)  When a petitioner chooses not to file a petition for a writ of certiorari, "his conviction [becomes] final when time expire[s] to do so, ninety days from the date of the [appellate court's] mandate." *Norwood v. United States*, No. 17-1370, 2017 WL 4404632, at *2 (6th Cir. July 3, 2017).  Thus, Petitioner's conviction became final on October 6, 2020.  Petitioner filed the instant petition on November 27, 2023—over two years outside the one-year statute of limitation window he had to do so.  (Doc. 1.)  Therefore, Petitioner's motion is untimely and will be dismissed as a result.

>   **B.**    **Merits of the Motion**

However, had Petitioner's motion been timely filed, the Court still would not find it persuasive.  Petitioner argues in his § 2255 motion that the indictment and plea agreement forming the basis of his conviction were riddled with factual inaccuracies.  (Doc. 1, at 6.)  Namely, Petitioner disputes that the methamphetamine discovered during the search was his, because he "wasn't present at the time of the search."  (*Id.*)

Because Petitioner did not raise this argument on appeal, it is procedurally defaulted.  (Doc. 1, at 6.)  "[C]laims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows:  (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime."  *Ray*, 721 F.3d at 761.  Petitioner does not offer any explanation for why he failed to raise this claim on appeal.

Even if Petitioner could surmount the default, the argument would still fail.  At the change-of-plea hearing, the magistrate judge found Petitioner to be "fully competent and capable of entering an informed plea."  (Doc. 262, at 3 in Case No. 1:18-cr-97 (quoting the magistrate judge).)  According to the minute entry for the change-of-plea proceeding, Petitioner was

specifically advised of his rights, the indictment was read to Petitioner, Petitioner affirmatively pled guilty to Count One of the indictment, and Petitioner competently and voluntarily entered into the plea agreement. (Doc. 84, at 1 in Case No. 1:18-cr-97.) By pleading guilty to Count One of the indictment, Petitioner waived any claim that the indictment lacked a factual basis. *See Wright v. United States*, No. 2:16-cv-975, 2019 WL 3294124, at *7 (M.D. Ala. June 4, 2019), report and recommendation adopted, No. 2:16-cv-975, 2019 WL 3295133 (M.D. Ala. July 22, 2019) ("By [arguing the indictment contained inaccurate factual allegations], Wright is essentially disavowing everything he pled guilty to. During the change of plea colloquy, he admitted to the facts alleged in Counts 1 and 3 of the indictment, which waived any claim that there was no factual basis for the indictment. Now, he makes the self-serving and unsupported claim that there was no evidence to support the charges against him. Wright fails to show that there was inaccurate information in his indictment."). There is no indication Petitioner took issue with the factual allegations of the indictment at any point in the proceedings, and Petitioner does not appear to argue his counsel was ineffective for failing to investigate or challenge the allegedly inaccurate statements. Thus, the Court finds no reason to now vacate his sentence based on his novel argument that it is premised on inaccurate information.

## IV. CONCLUSION

The record before the Court conclusively shows that Petitioner is not entitled to relief. Accordingly, an evidentiary hearing is unnecessary. *See Martin*, 889 F.3d at 832. Petitioner's § 2255 motion (Doc. 1) is **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**.

Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a

question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**